UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cristhian Z., | File No. 26-CV-0299 (JMB/LIB) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Custom* and David Easterwood, | ORDER |
| Respondents. | |

---

Claire Glenn, Climate Defense Project, Minneapolis, MN, for Cristhian Z.

David R. Hackworthy, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Cristhian Z.'s[1] Amended Petition (Doc. No. 13), which the Court construed as a Motion to Amend the Court's Order (Doc. No. 14). Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood are Respondents. For the reasons explained below, the Court grants the Motion to Amend the Court's Previous Order in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Cristhian Z. is a citizen of Ecuador who entered the United States without inspection in 2019. (Doc. No. 1 ¶¶ 12, 15.)

2. Cristhian Z. does not have a final order of removal entered against him, and he has no criminal record. (*Id.* ¶¶ 14, 17.)

3. Respondents took Cristhian Z. into physical custody on or about January 14, 2026, while he was waiting from the train at the Lake Street light rail station in Minneapolis. (*Id.* ¶ 18.)

4. On January 14, 2026, Cristhian Z. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He then filed an Amended Petition the next day. (Am. Pet.) which seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 15–16.)

5. On January 15, 2026, the Court ordered Respondents to file a response to the Petition by January 20, 2026, at 11:00 a.m., and enjoining Respondents from transferring Cristhian Z. out of the District of Minnesota. (Doc. No. 4.) Respondents timely filed a response.

6. In their Response, Respondents notified the Court that Cristhian Z. was

---

[2] Because Respondents did not contest any of the factual allegations in the Motion to Amend, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

transferred to El Paso Camp East Montana in El Paso, Texas, late in the evening on January 14, 2026, before the Court's later order prohibiting transfer was filed.[3]  (Doc. No. 5 at 2.)

7. The Court granted the Petition in part by ordering Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. No. 6 at 6–7.)  In this Order, the Court declined to adopt Respondent's interpretation of section 1225(b)(2) as requiring the mandatory detention of all noncitizens living in the country who entered the United States without inspection.  (*Id.* at 4–6.)

8. On January 28, 2026, Cristhian Z. filed a Motion for Order to Show Cause (Doc. No. 9), alleging that he, despite having retained counsel, was not allowed access to counsel to assist him at his bond hearing and that Cristhian Z.'s bond was subsequently denied explicitly because he appeared without counsel or documentation to support his request.  (*Id.* at 3.)  Cristhian Z. also alleged that Respondents did not claim to have a warrant justifying his arrest, and that his arrest was therefore unlawful.  (*Id.* at 2.)

9. The following day, the Court granted the motion in part and ordered Respondents to file "all relevant documentation concerning Petitioner's bond hearing." (Doc. No. 10.)  On January 30, 2026, Respondents submitted Cristhian Z.'s bond order which stated that bond was denied because he "did not submit any evidence in support of his request to be released on bond." (Doc. No. 12-1 at 1.)

10. On February 2, 2026, Cristhian Z. filed an Amended Petition (Doc. No. 13),

---

[3] The Court also concluded that the physical transfer of Cristhian Z. to El Paso after the initiation of this proceeding did not deprive this Court of jurisdiction over his habeas petition, *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

which the Court construed as a Motion to Amend the Court's Order (Doc. No. 14), alleging that he was provided no notice of a bond hearing, had no opportunity to present evidence, has not been allowed access to his retained counsel, and that he has therefore not been afforded a proper bond hearing as was previously directed by this Court. (Doc. No. 13 ¶¶ 23–24, 45–46.)

11. This pleading also included a request for immediate release on the basis that Respondents arrested him without the required warrant. (*Id.* at ¶¶ 13, 45, 58, 69–73.)

12. The Court ordered Respondents to file their answer on or before February 10, 2026, and to include "a reasoned memorandum of law and fact as well as any supporting documentation that may be needed to establish the lawfulness of Petitioner's warrantless arrest and a response concerning whether conducting the bond hearing without providing Petitioner access to counsel should result in a new bond hearing." (Doc. No. 14.)

13. Respondents timely filed a letter informing the Court that they were returning Cristhian Z. to Minnesota and that he should arrive by February 12, 2026. (Doc. No. 16.)

14. Respondents also acknowledged that Cristhian Z.'s counsel did not receive notice of the first bond hearing and noted that the Department of Homeland Security was not opposed to scheduling another bond hearing and ensuring that Cristhian Z.'s counsel has sufficient notice of this hearing. (*Id.*) Respondents also requested that the Court extend its deadline to either release or hold a security bond hearing for Cristhian Z. until February 13, 2026. (*Id.*)

15. Respondents did not address whether Cristhian Z.'s arrest was unlawful due

to the lack of a warrant.

## DISCUSSION

Because Respondents' letter did not address the lawfulness of Cristhian Z.'s arrest, the Court considers that portion of the relief requested in the Motion to Amend to be unopposed. Therefore, the grants the relief requested and orders Petitioner's release.[4]

In addition, the Court concludes that the request for immediate release pursuant to section 1226(a) should be granted on its merits. The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Court ordered Respondents to address whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*See* Doc. No. 14.) Respondents failed to do so. Consequently, the Court orders Cristhian Z.'s immediate release.

---

[4] *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

# ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Motion to Amend (Doc. No. 13) is GRANTED in part and DENIED in part, and that the Court's previous Order (Doc. No. 6) is amended as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on February 12, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 13, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Motion to Amend is DENIED.

4. Respondents' Motion for an Extension of Time (Doc. No. 16) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 11, 2026　　　　　　　　　　　　/s/ *Jeffrey M. Bryan*
　　　　　　　　　　　　　　　　　　　　　　　　Judge Jeffrey M. Bryan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court